IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CEDRIC CATCHINGS**                                                                   **PETITIONER**

**VERSUS**                             **CIVIL ACTION NO.  3:13CV138 HTW-LRA**

**CHRISTOPHER EPPS**                                                   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Cedric Catchings has filed a petition for writ of habeas corpus relief.  Respondent Christopher Epps filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  The Court recommends that the motion be granted for the reasons that follow.

Catchings was convicted of capital murder in the First Judicial District of Hinds County, Mississippi and was sentenced to life without parole in the custody of the Mississippi Department of Corrections on May 21, 2008.  On November 3, 2009, the Mississippi Court of Appeals affirmed his conviction and sentence in *Catchings v. State*, 39 So.3d 943 (Miss. Ct. App. 2009), *reh'g denied,* April 20, 2010, *cert. denied,* July 22, 2010.  Catchings did not petition the United States Supreme Court for a writ of certiorari. He signed an application for leave to file a motion for post-conviction relief on October 21, 2011, which was stamped "filed" in the Mississippi Supreme Court on October 24, 2011.[1]  The motion was subsequently denied on December 14, 2011.[2]  Although signed

---

[1] ECF No. 4-3.

[2] ECF No. 4-4.

November 19, 2012, Catchings's petition for habeas corpus relief was stamped filed in this court on March 8, 2013.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Catchings's conviction became final on October 20, 2010, 90 days after the Mississippi Supreme Court denied certiorari. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day period permitted for seeking a writ of certiorari in the United States Supreme Court. Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Catchings was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before October 20, 2010. Because he did not file his state court motion for post-conviction collateral relief until October 21, 2011, AEDPA'S one-year statute of limitations ran uninterrupted from October 20, 2010 through October 20, 2011.[3] Absent statutory or equitable tolling, his federal habeas

---

[3]Even if given the benefit of one late day, the Court notes that the Mississippi Supreme Court denied petitioner's Post-Conviction motion on December 4, 2011. He did not sign the instant petition in this Court until November 19, 2012; it was postmarked February 20, 2013, and

3

petition is untimely.

Catchings has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *Holland*, 130 S.Ct. at 2562. None of AEDPA's other statutory exceptions are applicable. In the absence of any evidence warranting statutory or equitable tolling, Catchings's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

filed March 8, 2013.

the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 15th day of October 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE